# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                        Criminal No. 06-136(1) (DWF/FLN)

                        Plaintiff,

v.                                                               **ORDER AND MEMORANDUM**

Edgar Gerardo Arguedas-Medina,

                        Defendant.

_____

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Kevin M. O'Brien, Esq., O'Brien Law Office, counsel for Defendant.

_____

This matter is before the Court pursuant to the self-styled *pro se* request and notice of the Defendant for immediate deportation.  The Court treats the letter and request, as informal as it was sent to the Court, as a formal motion in fairness to the Defendant, rather than simply filing a letter response from the Court to the Defendant with copies to all parties.

Based upon the request and presentation of the Defendant for immediate deportation, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      The Defendant's self-styled Notice of Motion for Immediate Deportation

and request for immediate deportation and removal from the United States is respectfully

**DENIED**.

Dated:  May 8, 2008                         s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court


**MEMORANDUM**

First of all, the Court would indicate to the Defendant that in 10 years as a federal

judge, the Court is aware of no case where a federal judge or other person in authority has

ordered the immediate deportation before a person similarly situated to the Defendant has

completed a sentence of imprisonment.  The Court is of the view that neither the federal

court nor the Attorney General of the United States has the authority to provide the relief

requested by the Defendant even it were to find that his immediate deportation would be

in the best interests of the United States.

Moreover, 8 U.S.C. § 1228(a)(3) addresses expedited removal of aliens convicted

of committing aggravated felonies.  Subsection (a)(3)(B) specifically states that:

"Nothing in this section shall be construed as requiring the Attorney General to effect the

removal of any alien sentenced to actual incarceration, before release from the

penitentiary or correctional institution where such alien is confined."

Additionally, 8 U.S.C. § 1228(a)(1) states:  "Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

For the reasons stated, the Court has concluded that it lacks any authority to order the immediate deportation of the Defendant or any similarly situated individual.

D.W.F.